### J. J. RINGER v. THE STATE.

*No. 420.   Decided April 18.*

1.  Carrying Pistol—State Ranger, Appointment as:—A mere appointment by the Adjutant-General of the State, without having taken the oath required by the State and been mustered into the service, and not having reported to his company, or having done a day's service as such, did not constitute appellant *a ranger* nor à peace officer, and therefore entitle him to carry a pistol.

2.  Evidence.—By his own statement it was proved that the act was knowingly done, defendant having previously been informed by the county attorney that he had no right to carry a pistol.

APPEAL from the County Court of Bell.   Tried below before Hon. JOHN M. FURMAN, County Judge.

Appellant, J. J. Ringer, was charged, by information filed in the County Court of Bell County, with "unlawfully carrying on or about his person a pistol," and was convicted of said offense, the punishment being assessed at a fine of $25.

The evidence shows that appellant was arrested by the sheriff, with a pistol on his person, in the public streets of the city of Belton.   At the trial the defense was, that he was a State Ranger, and as such a quasi "peace officer" and entitled to carry a pistol.   In support of this defense, he offered in evidence the following appointment by the Adjutant-General of the State of Texas:

[SEAL OF THE STATE OF TEXAS.]      "ADJUTANT-GENERAL'S OFFICE.

"AUSTIN, TEXAS, February 10, 1893.

"*J. J. Ringer, Esq., Belton, Texas:*

"SIR—You have been appointed special ranger and attached to Company D, Frontier Battalion.   You will report monthly to this office, and to Captain Frank Jones, at Marathon, Texas, required by Special Order No. 6, from this office, dated March 6, 1891.

"Respectfully,      "W. H. MABRY, Adjutant-General.

"Descriptive List.—The bearer is a member of Company D, Frontier Battalion.   Name, J. J. Ringer; rank, private; age, 38 years; height, 5 feet 10 inches; color of hair, dark gray; color of complexion, light; color of eyes, light; where born, Ohio; occupation, cattleman; enlisted when, February 9, 1895; enlisted where, Austin, Texas; enlisted by whom, W. H. Mabry, Adjutant-General State of Texas, under provisions of Special Order 6, A. G. O., March 6, 1891.

"W. H. MABRY, Adjutant-General."

Revised Statutes, chapter 3, title 64, provides the rules and regulations for the organization of "the frontier companies and battalion

·mounted police," the same being articles 3258, 3291e, Revised Statutes, inclusive.

Article 3291c provides: "The officers, noncommissioned officers, and privates of said company shall aid the civil authorities in the execution of the laws.. They shall have authority to make arrests, and in such cases they shall be governed by the laws regulating and defining the powers and duties of sheriffs when in discharge of similar duties. They shall, before entering upon the discharge of these duties, take an oath, before some authority legally authorized to administer the same, that each of them will faithfully perform his duties in accordance with law. In order to arrest and bring to justice men who have banded together for the purpose of committing robbery or other felonies, and to prevent the execution of the laws, the officers, noncommissioned officers, and privates of said company may accept the services of such citizens as shall volunteer to aid them, but while so engaged such citizens shall receive no pay from the State for their services."

There was no evidence that defendant had ever taken the oath, been mustered into service, or done any act as a member of and connected with the company to which he was appointed as a ranger. And the county attorney testified, that about two weeks prior to defendant's arrest defendant came to him and showed him his purported authority for carrying a pistol, as a State ranger; and in the conversation stated to said attorney that he had never done a day's work for the State, and did not expect to do so; and only carried the pistol to prevent some one from inflicting violence upon his person.

The court refused the following instructions requested for defendant:

"1. You are charged that the writing signed by W. H. Mabry, Adjutant-General, shows due appointment and enlistment of J. J. Ringer, the defendant herein, as a private in Company D of the Frontier Battalion.

"2. You are charged, that J. J. Ringer, defendant, by virtue of his enlistment as a ranger, is a peace officer of the State of Texas, and is entitled to carry a pistol, and is not subject to prosecution for doing so.

"3. You are further charged, that if the defendant, J. J. Ringer, at the time of his arrest for carrying a pistol, gave an explanation stating any right or authority he had for carrying the same, then you will consider said statement to determine whether or not he believed that he had the right and authority to carry the same under any power or authority given to him, and if you believe from such evidence, taken in connection with the other evidence in the case, that he carried such pistol believing that he had the legal authority and power so to do, you will acquit the defendant."

*A. M. Montieth*, for appellant.—The evidence shows that J. J. Ringer, at the time he carried the pistol complained of, was a special ranger

in the service of the State of Texas.   As is well known, the appro-
priations made by the Legislature for the maintenance of the ranger
force is not sufficient for the organization to the full limit allowed by
law under pay; but the Governor can have enlisted men who will
serve without pay and without cost to the State, until this limit in
numbers is reached, when in his opinion the necessity exists, and such
representation of necessity will always be made to the Adjutant-Gen-
eral's office before rangers without pay are enlisted.   The word "spe-
cial" used in the descriptive list of special rangers is simply a term
used by the Adjutant-General's office to designate the fact that said
ranger is serving without pay and without cost from the State, be-
cause of lack of appropriation.   In other respects he is all that the
law contemplates in the organization of said ranger force, and with
powers and rights coequal with that part of the force that is under
pay.   The law contemplates that the force shall be armed and therefore
could carry arms, and a six-shooting pistol is one of the weapons pre-
scribed to be carried.   The law quoted makes the United States army
regulations the law governing this force, so far as the same is not in
conflict with our Constitution or State laws, and gives additional
power to the Adjutant-General in the administration of its affairs.
The said ranger is a peace officer, and so treated in the statutes, there-
fore has a perfect right to bear arms, execute all criminal processes
directed to him, and make arrests on capias properly issued; and, as
is well known, said ranger force has been a great aid to the State in
the enforcement of the criminal laws, in the arrest of offenders, and
in disbanding lawless bands against which county officers are often
powerless; and in other instances the county officers were in collusion
or combination with such lawless bands or individuals, and in some
instances were friendly to such parties and would not execute pro-
cesses against them or encourage the execution of same, in which
cases the ranger force has been in many instances necessary and effec-
tive in the suppression of crime and the arrest of criminals.   In a
few instances this has resulted in the ranger force being interfered
with and in some instances thwarted in their efforts by the sheriff
and his deputies in the counties in which they were operating, and
we find the complaint made against the defendant in this instance
by a deputy sheriff, who seems to be a witness very strongly preju-
diced against the appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.—The only
question in this case is, was the defendant, at the time he was arrested
for carrying the pistol, in the *actual* discharge of his duties as a mili-
tiaman?   The evidence shows that he was not.   Penal Code, arts. 318,
319; Lann v. The State, 25 Texas Crim. App., 495; West v. The State,
26 Texas Crim. App., 99.

DAVIDSON, JUDGE.—Appellant's claim of immunity from punishment for carrying a pistol is based upon his appointment as a ranger by the Adjutant-General. By the terms of this appointment he was ordered to report to the captain of Company D, Frontier Battalion. This appointment was of date February 10th, and the arrest occurred subsequently, on March 3rd. The record does not disclose that he had been mustered into service, nor had he taken the oath required by the statute, had never reported to the company specified, nor become a ranger in fact, and had never done a day's service as such ranger. About two weeks prior to his arrest he informed the county attorney of Bell County that he had not and did not expect to do a day's work for the State, and only carried the pistol to prevent some one from pulling his nose or kicking him, and stated to the officer arresting him that the county attorney had informed him he had no right to carry the pistol. Before he could become a State ranger it was requisite that he comply with the law in that connection. By his own statements he was aware of the fact that he was not authorized to carry a pistol, and was acting in bad faith in doing so. The charges asked by him were properly refused. The court's charge was favorable to him. He was, under the facts, not a "peace officer," and could not justify on that ground.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.